1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    IN THE MATTER OF THE REQUESTED          Case No.  92-xr-00151-CAL (JD)
     EXTRADITION OF KEVIN JOHN
8    BARRY ARTT
                                             **ORDER RE UNSEALING**
9

10

11

12

13         In 1992, the United States, at the request of the United Kingdom, initiated extradition

14   proceedings in this District against Kevin John Barry Artt and other individuals who had escaped

15   from a prison in Northern Ireland after convictions for acts of violence.  The United Kingdom

16   eventually dropped the extradition request, and Artt appears to have remained in the United States.

17   The extradition case was presided over by District Judge Charles Legge, who retired from the

18   bench in 2001.

19         Dan Lawton was an attorney who represented Artt in immigration matters in the 1990s.  In

20   February 2024, Lawton filed a request to unseal and obtain documents submitted by the United

21   States in 1995 for *in camera* review by Judge Legge in connection with a discovery dispute in the

22   extradition case.  *See* Dkt. Nos. 517 (motion) and 523 (amended motion).  The documents

23   concerned an investigation by the Royal Ulster Constabulary (RUC) into the shooting of Peter

24   Heathwood in Belfast, Northern Ireland, in 1979.  Based on personal research, Lawton believes

25   that Heathwood was shot by "mistaken identity" when "Loyalist paramilitaries" broke into his

26   house to "assassinate" Artt, who rented a room there.  Dkt. No. 523 at 8.  Lawton wants access to

27   the RUC investigation documents because he thinks they will evidence a Loyalist plot against Artt

28   and "regards Mr. Heathwood as a friend who deserves to know why what happened to him,

United States District Court
Northern District of California

United States District Court
Northern District of California

happened to him." *Id*. at 13.  Lawton says that he "withdrew completely" from representation of Artt in 2000, *id*. at 8, and that he does not represent Heathwood, *id*. at 13.

The United States opposed Lawton's request.  *See* Dkt. No. 527.  The United States represents that the government of Northern Ireland also opposes the request.  Dkt. No. 527-1 at ¶ 11.[1]  The United States represents that Artt does not object to allowing access to the investigation documents, but asks that other materials about "stops, encounters, and sightings" of Artt by United Kingdom law enforcement personnel not be disclosed.  *Id*. ¶ 10.

Lawton's request reaches back in time to the Troubles in Northern Ireland.  In 1983, Artt and several other individuals escaped from a prison in Belfast and made their way to San Francisco.  Artt was a Catholic Republican and opposed extradition under Article 3(a) of the Supplementary Treaty of extradition between the United Kingdom and the United States, which stated that "extradition shall not occur" if it would result in punishment "by reason of [the respondent's] race, religion, nationality or political opinions…."  *See Matter of Artt*, 972 F. Supp. 1253, 1256 (N.D. Cal. 1997), *rev'd sub nom. Matter of Requested Extradition of Artt*, 158 F.3d 462 (9th Cir. 1998), *reh'g granted, opinion withdrawn sub nom. In re Requested Extradition of Artt*, 183 F.3d 944 (9th Cir. 1999).  Judge Legge ultimately declined to apply Article 3(a) and certified Artt for extradition.  *Matter of Artt*, 972 F. Supp. at 1257.  While this decision was on appeal, the United Kingdom withdrew the extradition request.

A number of discovery disputes arose during the extradition proceedings.  One of the disputes involved Artt's request for the RUC investigation documents, which was argued to Judge Legge at a hearing on December 18, 1995.  *See* Dkt. No. 123 (Hr. Tr.).  Artt wanted the RUC documents as possible evidence that he had been targeted by government-related forces for being Catholic, which Artt believed would support an Article 3(a) defense to extradition on grounds of punishment for his religious and political beliefs.  *Id*. at 99:20-100:8.  The United States said that nothing in the RUC documents indicated that Artt was a target, and so the documents were

---

[1]  Lawton objects to this representation on hearsay grounds.  Dkt. No. 528-4 at 2-3.  The objection is overruled.  The Federal Rules of Evidence do not apply in extradition proceedings, which is the context of Lawton's request.  Fed. R. Evid. 1101(d)(3).

United States District Court
Northern District of California

1 irrelevant to the extradition case, among other objections to producing them.  The United States

2 proposed that Judge Legge review them *in camera*, *id*. at 112:3-21, and filed the RUC documents

3 under seal.  Dkt. No. 128.

4       After that, the whole thing appears to have faded away.  The docket does not show that

5 Judge Legge did anything with the documents after they were presented for his review.  The

6 docket also does not indicate that Judge Legge relied on the contents of the RUC documents in

7 any way for an order, decision, or judgment in the case.  The case moved on without any further

8 attention to the RUC documents.

9       Lawton's request is denied for several straightforward reasons.  To start, the procedural

10 posture of the request is doubtful.  Lawton cites to District Civil Local Rule 79-5 and Criminal

11 Local Rule 56-1 as the grounds of the request.  Dkt. No. 523 at 2.  The rules state the general

12 principle of public access to court records and, in the case of Civil Local Rule 79-5(g)(3),

13 acknowledge the possibility of a non-party like Lawton filing a request to unseal a document.

14 Even so, the applicability of the rules here is subject to serious question.  This case was an

15 extradition action under an international treaty, and "the rules of … civil procedure that govern

16 federal court proceedings heard under the authority of Article III of the United States Constitution

17 do not apply in extradition hearings that are conducted under the authority of a treaty enacted

18 pursuant to Article II."  *Requested Extradition of Smyth*, 61 F.3d 711, 720-21 (9th Cir. 1995).

19       Although it is certainly true that the public's right to court filings is a bedrock principle in

20 our federal judicial system, *see In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106,

21 1107 (N.D. Cal. 2021), access to documents submitted for *in camera* review for a discovery

22 dispute are a different matter.  Judge Legge had the RUC documents in chambers to review for

23 discovery purposes.  They were not used in a dispositive order, and never came up again in the

24 case.  In these circumstances, access is not warranted.  *See*, *e.g.*, *Phillips ex rel. Ests. of Byrd v.*

25 *Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (no right of access to discovery attached

26 to non-dispositive motion); *Times Mirror Co. v. United States*, 873 F.2d 1210, 1214 (9th Cir.

27 1989) (no right of access to *ex parte* warrant application before indictment); *States v. Wolfson*, 55

28 F.3d 58, 60 (2d Cir. 1995) (no right of access to "documents that were submitted to a court *in*

3

*camera* as part of a discovery dispute and were held not discoverable," 27 years later); *United States v. Rodriguez*, 390 Fed. App'x 652, 653-54 (9th Cir. 2010) (unpublished) (district court did not err by declining to unseal documents that the court reviewed for "materiality").

There is also the fact that extradition "is a diplomatic process that is initiated by a request from the nation seeking extradition directly to the Department of State." *Prasoprat v. Benov*, 421 F.3d 1009, 1012 (9th Cir. 2005). If the State Department determines the request is within the scope of an extradition treaty, the U.S. Attorney will file a complaint in the relevant judicial district for an arrest warrant of the individual to be extradited. *Id*. (citation omitted). The resulting case does not determine the guilt or innocence of an alleged fugitive such as Artt, but rather only: (1) "whether the crime of which the person is accused . . . falls within the terms of the extradition treaty"; and (2) "whether there is probable cause to believe the person committed the crime charged." *Santos v. Thomas*, 830 F.3d 987, 991 (9th Cir. 2016).

The RUC documents were provided by Northern Ireland to Judge Legge in this context, and the Court is advised that Northern Ireland objects to providing them to Lawton. Principles of international comity weigh against access. It may be that Heathwood cannot obtain the RUC documents in the United Kingdom, as Lawton suggests, Dkt. No. 524 ¶ 6, but a United States court is not a forum for an end run around another nation's laws.

As a closing observation, the Court independently reviewed the RUC documents in connection with Lawton's request. Nothing in the documents indicates that Artt was the intended target of the shooting in Heathwood's home in 1979.

**IT IS SO ORDERED.**

Dated:  July 17, 2024

_____
JAMES DONATO
United States District Judge